# Davis v. Gray.

Dec. 13, 1939.

Harlin & Coleman for appellant.

Charles R. Bell for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

James H. Gray brought an action against S. C. Davis in the Warren circuit court to recover the sum of $338.11, balance due for gasoline sold and delivered by the plaintiff to the defendant during the year 1937. The defendant filed an answer, counterclaim, and set-off in which he traversed the averments of the petition and alleged affirmatively that in October, 1936, he entered into a contract with the plaintiff whereby plaintiff agreed to furnish and deliver to the defendant at plaintiff's place of business, "high test" gasoline to be used by defendant in his motor trucks, and to be delivered to him at 4½ cents per gallon less than the retail price at which such gasoline was sold by the plaintiff; that he received and paid for 41,880 gallons of gasoline under the belief that he was being furnished high test gasoline, but that he learned later that instead of delivering to him high test gasoline as provided for in the contract, defendant delivered an inferior grade of gasoline and wrongfully charged the defendant 3 cents per gallon above the agreed price. He also alleged that he purchased from the plaintiff a large quantity of motor oil which the plaintiff represented to be of good quality and such as could be used in the operation of defend-

ant's trucks, but much of said motor oil was of inferior quality and useless for the purposes for which it was sold, and that by reason of its inferior quality several of defendant's motor trucks were seriously damaged. The defendant sought judgment against the plaintiff in the sum of $1,200 for the difference in the price of the gasoline delivered to him and the further sum of $372 for damages and repairs to his trucks, or a total of $1,572. By agreement, the affirmative averments of the answer and counterclaim were controverted of record. On the trial of the case the jury returned a verdict for $338.11 in favor of the plaintiff, and found nothing for the defendant on his counterclaim. The defendant has appealed.

Gray owned and operated a service station near Bowling Green, Kentucky. Gasoline was delivered to the service station in car load lots on a spur line of the Louisville & Nashville Railroad Company. He had two underground tanks with a pump on each, one marked "high test" and the other "regular." Davis was a contractor engaged in constructing roads and highways for the State Highway Department and streets for the City of Bowling Green. He also owned a rock quarry and a large number of motor trucks for transporting crushed stone and other road material in carrying on his business. He began purchasing gasoline and lubricating oil from appellee in October, 1936. He continued to purchase these products from appellee regularly for more than a year, and appellee delivered to him during this period of time 41,880 gallons of gasoline. Appellant paid all the bills as they were rendered except the last bill which was rendered in December, 1937. This suit was instituted in January, 1938, and, according to appellee, the appellant then for the first time claimed that appellee had delivered to him gasoline and oil of an inferior quality. A number of men who worked for appellant during 1937 and drove his trucks testified that they had their trucks filled at the Gray filling station and that sometimes they were filled out of the tank marked "high test" and sometimes out of the tank marked "regular." Appellee admitted that on a few occasions gasoline was delivered to appellant's trucks out of the tank marked "regular," but stated that the tank then contained high test gasoline as he sometimes received a shipment when the high test tank was full and the high test gasoline was then put in the tank marked "regular." Appellee's tes-

timony is, in some respects, contradictory and unsatisfactory, but the question in issue was whether he had delivered to appellant "high test" gasoline for which appellant had contracted and paid or gasoline of an inferior grade, and the evidence on this point was conflicting. The question therefore was one for the jury. Appellant does not claim that the evidence was insufficient to sustain the verdict, but contends that the allegations of the petition are insufficient to authorize the introduction of certain proof admitted over his objection, and that the instructions given by the court fail to present his theory of the case and do not conform to either the pleadings or proof.

Appellant introduced a number of witnesses, mostly drivers of his trucks, who testified that both the gasoline and lubricating oil furnished by appellee were inferior in quality, and they based their opinions upon the results obtained in operating the trucks. Appellee introduced a number of witnesses who testified that they purchased gasoline and oil at his service station during 1937, and that they obtained satisfactory results. The gasoline purchased and used by these witnesses and the gasoline delivered to appellant came from the same tanks. According to appellant, all of it was of the same grade. It is the testimony of these witnesses of which appellant complains. It was appellant's contention that the products handled by appellee were inferior in quality, and he introduced evidence of the same nature to establish his claim. The evidence of which he complains was competent to rebut the evidence that had been introduced by him to show that the products handled by appellee were inferior in quality.

Appellant insists that the instructions given by the court were not authorized by the pleadings, but they presented clearly and definitely his contention concerning the contract with appellee. He offered this instruction which the court refused:

"The court instructs the jury that if they believe from the evidence that the plaintiff contracted to sell to defendant high test gasoline at .04-1/2 cents below the list, or retail price and that he did not do so, they will find for defendant in the sum of $1200.00 less the amount of bill for gas embraced in the account sued on by him, and if the jury believe that plaintiff furnished to defendant an inferior

grade of oil for his motors and same were damaged thereby, they will find such amount as will reasonably compensate defendant therefor not to exceed $372.00.''

It would serve no useful purpose to set out the instructions given by the court, but it is sufficient to say that they embodied, with considerable elaboration, the substance of the instruction offered by appellant.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.